

**FILED**

**MARCH 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1345**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE KEYS**

MAR-GEN SALES CO, INC.                                   :
2585 N. Grand Avenue, Ste. 4                             :
Nogales, Arizona 85628-6070                              :
(520) 761-4300                                           :
                                                         :
           Plaintiff,                                    :
                                                         :
     v.                                                  : Civil Action No.
                                                         : **J. N.**
JOSEPH E. COHEN, Assignee for                            :
FRESH CHOICE PRODUCE, LLC                                :
105 West Madison Street                                  :
Suite 1100                                               :
Chicago, Illinois 60602                                  :
(312) 368-0300                                           :
                                                         :
JACK SEAMANS                                             :
136 Ellis Street S                                       :
Bensonville, Illinois 60106                              :
(630) 694-0942                                           :
                                                         :
and                                                      :
                                                         :
MARIA SEAMANS                                            :
136 Ellis Street S                                       :
Bensonville, Illinois 60106                              :
(630) 694-0942                                           :
                                                         :
           Defendants.                                   :


**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Mar-Gen Sales Co, Inc. ("Mar-Gen"), for its complaint against defendants,

Joseph E. Cohen, Assignee for Fresh Choice Produce, LLC, Jack Seamans, and

Maria Seamans, alleges:

JURISDICTION AND VENUE

1.      Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiffs' claims arose in this District and (b) defendants reside in this District.

PARTIES

3.      Plaintiff, Mar-Gen, an Illinois corporation with its principal place of business in Nogales, Arizona, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.      a.      Defendant, Joseph E. Cohen, Assignee for Fresh Choice Produce, LLC ("Cohen"), an individual with a principal place of business in Chicago, Illinois, upon information and belief, is the assignee of all assets of Fresh Choice Produce, LLC pursuant to an Assignment for the Benefit of Creditors executed on or about November 2, 2007 ("the Assignment").  Prior to the Assignment, Fresh Choice Produce, LLC ("Fresh Choice"), was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer licensed under the provisions of the PACA as a dealer.

         b.      Defendant, Jack Seamans, upon information and belief, was an owner and managing member of Fresh Choice during the period of time in question who controlled the day to day operations of Fresh Choice and was in a position of control over the PACA trust assets belonging to plaintiff.

2

c.     Defendant, Maria Seamans, upon information and belief, was an owner and managing member of Fresh Choice during the period of time in question who controlled the day to day operations of Fresh Choice and was in a position of control over the PACA trust assets belonging to plaintiff

<u>GENERAL ALLEGATIONS</u>

5.     This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.      On October 5, 2007, plaintiff Mar-Gen sold and delivered to Fresh Choice, in interstate commerce, $19,836.70 worth of wholesale quantities of produce of which $19,836.70 remains unpaid.

7.     Fresh Choice accepted the produce from plaintiff.

8.     At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.     Plaintiff preserved its interest in the PACA trust in the amount of $19,836.70 and remains a beneficiary until full payment is made for the produce.  A copy of the unpaid invoice from plaintiff to Fresh Choice, with the language required by 7 U.S.C. § 499e(c)(4) to preserve trust benefits, is attached hereto as Exhibit 1.

10.     Upon information and belief, in early November, 2007, Fresh Choice executed an Assignment for the Benefit of Creditors of its assets to Joseph E. Cohen, and subsequently ceased operations.  The assets assigned included cash,

accounts receivable, and equipment and supplies, all of which are part of the PACA trust *res*.

11.     Pursuant to the Notification of Assignment for the Benefit of Creditors dated November 3, 2007, there are insufficient assets to meet all of Fresh Choice's liabilities.    A copy of The Notification of Assignment for the Benefit of Creditors is attached hereto as Exhibit 2.

12.     By letter dated December 19, 2007, Plaintiff asserted a PACA trust claim in the amount of $19,836.70 to the Assignee, Defendant Joseph E. Cohen.  A copy of the December 19, 2007 letter is attached hereto as Exhibit 3.

13.     No further communications have been received from the Assignee with respect to Plaintiff's trust claim or the status of the assets.

14.     The cessation of business operations without paying Plaintiff and assignment of assets which are insufficient to meet Fresh Choice's liabilities indicate that Fresh Choice has dissipated trust assets, and through the assignment is continuing to dissipate trust assets belonging to Plaintiff.

<u>Count 1</u>

(Failure to Pay Trust Funds)

15.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16.     The failure of defendants to make payment to plaintiff of trust funds in the amount of $19,836.70 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment to plaintiff from defendants in the amount of $19,836.70, and for such other and further relief as the Court deems necessary and appropriate.

## Count 2

### (Failure to Pay For Goods Sold)

17.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18.    Defendants failed and refused to pay plaintiff the amount of $19,836.70 owed to plaintiff for produce received by defendants from plaintiff and sums incurred in connection with the transaction.

WHEREFORE, plaintiff requests judgment in favor of Mar-Gen, and against defendants, jointly and severally, in the amount of $19,836.70, and for such other and further relief as the Court deems necessary and appropriate.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Jack Seamans)

19.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 18 above as if fully set forth herein.

20.    Defendant, Jack Seamans, was a principal of Fresh Choice who operated Fresh Choice during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

21.    Defendant, Jack Seamans, failed to direct Fresh Choice to fulfill its statutory duty to preserve PACA trust assets and pay plaintiff for the produce supplied.

22.    Defendant, Jack Seamans' failure to direct Fresh Choice to maintain PACA trust assets and pay plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

23.    As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant, Jack Seamans, in favor of plaintiff, in the amount of $19,836.70, and for such other and further relief as the Court deems necessary and appropriate.

<u>Count 4</u>

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Maria Seamans)

24.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 23 above as if fully set forth herein.

25.    Defendant, Maria Seamans, was a principal of Fresh Choice who operated Fresh Choice during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

26.    Defendant, Maria Seamans, failed to direct Fresh Choice to fulfill its statutory duty to preserve PACA trust assets and pay plaintiff for the produce supplied.

27.     Defendant, Maria Seamans' failure to direct Fresh Choice to maintain PACA trust assets and pay plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

28.     As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant, Maria Seamans, in favor of plaintiff, in the amount of $19,836.70, and for such other and further relief as the Court deems necessary and appropriate.

<u>Count 5</u>

(Interest and Attorneys Fees)

29.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30.     As a result of defendants' failure to make full payment promptly of $19,836.70, plaintiff has lost the use of said money.

31.     As a further result of defendants' failure to make full payment promptly of $19,836.70, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

32.     PACA and the invoices of plaintiff entitle plaintiff to recover prejudgment interest at a rate of 1.5% per month and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiff request judgment against each of the defendants,

jointly and severally, for prejudgment interest, costs and attorneys fees, and for

such other and further relief as the Court deems necessary and appropriate.


Dated this 6th day of March, 2008

      McCARRON & DIESS           LAW OFFICES OF WILLIAM B. KOHN


By:s/ Mary Jean Fassett_____    By:s/ William B. Kohn_____
      Mary Jean Fassett, ID#9078552         William B. Kohn
      4900 Massachusetts Ave., N.W.        150 N. Wacker Drive
      Suite 310                         Suite 1400
      Washington, DC 20016            Chicago, Illinois 60606
      (202) 364-0400                (312) 553-1200
      (202) 364-2731 – fax            (312) 553- 1733 -- fax
      mjf@mccarronlaw.com           kohn@wbkohnlaw.com

                                   Attorneys for Plaintiff