**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE KEYS**

**EXHIBIT "3"**

# McCarron & Diess

4900 MASSACHUSETTS AVENUE, N.W., SUITE 310
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron
Louis W. Diess, III¤
Mary Jean Fassett
Kate Ellis¤
Maria Simon¤

mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

¤ Not admitted in DC

December 19, 2007

**VIA FACSIMILE AND FEDERAL EXPRESS**

Joseph E. Cohen, Assignee
105 West Madison Street
Suite 1100
Chicago, IL 60602

  **RE: *In the matter of Fresh Choice Produce, LLC.***

Dear Mr. Cohen:

  This office represents Mar-Gen Sales Co., Inc. ("Mar-Gen"), a trust creditor of Fresh Choice Produce, LLC. ("Fresh Choice") under the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c) ("PACA"). Enclosed please find a true and correct copy of the outstanding invoice to Fresh Choice from Mar-Gen in the amount of Nineteen Thousand Eight Hundred Thirty-Six and 70/100 Dollars ($19,836.70) for unpaid produce. Mar-Gen is a PACA licensee and properly gave notice to Fresh Choice of its intent to preserve trust rights by including the requisite statutory language of 7 U.S.C. §499e(c)(4) on said invoice. Please advise whether you require any further documentation in support of Mar-Gen's trust claim.

  As a PACA trust creditor of Fresh Choice, Mar-Gen is entitled to immediate payment of its claim from any produce related proceeds or property. See <u>Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.</u>, 986 F.2d 1010 (6th Cit. 1993); <u>In re Kornblum & Co., Inc.</u>, 81 F.3d 280 (2nd Cir. 1996); and <u>In re Kelly Food Products, Inc.</u>, 204, B.R. 18 (Bkrtcy. C.D. 111. 1997). In addition, PACA trust creditors come ahead of any and all other creditors with regard to any produce-derived assets.

  I also wish to bring to your attention that Fresh Choice's principal, Mr. Jack Seamans, is continuing collection efforts of Fresh Choice assets independently of you. In light of the Assignment for the Benefit of Creditors, I think these actions are inappropriate if not illegal. Since there apparently will be a significant shortfall between the amount of claims asserted and assets available, and given Mr. Seamans' personal liability to valid PACA trust creditors for any shortfall, it is essential that you be marshalling the assets, not Mr. Seamans.

Please feel free to contact me with any questions you may have.

Sincerely,

*[signature]*

Mary Jean Fassett

Enclosure
cc: Mar-Gen Sales Co., LLC *(via facsimile 520-761-4775)*